O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JUDY TATE, | Case No. CV 12-3557-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Judy Tate seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff was born on February 11, 1955, and was 53 years old at the time she filed her application for benefits. (Administrative Record ("AR") at 100, 132.) She completed two years of college and has relevant work experience in various positions in a senior citizen's community, as

1

well as positions as a limousine driver, hotel front desk clerk and retail sales clerk. (AR at 138, 141.) Plaintiff filed her benefits application on February 25, 2008, alleging disability beginning March 15, 2005, due to carpal tunnel syndrome and impairments of the neck, low back, shoulder and bilateral knee. (AR at 33, 137.)

Plaintiff's application was denied initially on April 23, 2008, and upon reconsideration on June 25, 2008. (AR at 102-105, 107-111.) An administrative hearing was held on August 25, 2009, before Administrative Law Judge ("ALJ") Mary Everstine. Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE"). (AR at 81-99.)

On October 8, 2009, the ALJ issued an unfavorable decision. (AR at 28-37.) She found that Plaintiff had not engaged in substantial gainful activity since the disability onset date. (AR at 33.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: degenerative disc disease, disc bulging and spondyloarthritic changes, cervical spine; degenerative changes, bilateral knees; and mild carpal tunnel syndrome. (Id.)

However, the ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 35.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. 404.1567(b) except further limited to only: occasional climbing, stooping, kneeling, crouching, and crawling; occasional above the shoulder reaching; and no power gripping or grasping." (Id.) The ALJ found that Plaintiff was capable of performing her past relevant work as an activities director. (AR at 36.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §

416.920(f). (Id.)

On June 17, 2011, the Appeals Council denied review. However, on February 28, 2012, the Appeals Council set aside its earlier decision but again denied review. (AR at 1-4.) Plaintiff then timely commenced this action for judicial review. On September 10, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly evaluating Plaintiff's RFC and her ability to perform her past relevant work at step 4 of the sequential process; (2) improperly rejecting the opinion of Plaintiff's treating physician; (3) failing to properly determine at step 3 whether Plaintiff's impairments met or equaled a listed impairment; and (4) failing to perform a proper credibility analysis. (Joint Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 52.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 52-53.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to properly evaluate Plaintiff's credibility to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal

---

[1] The Court does not reach the remaining claims of error and will not decide whether these issues would independently warrant relief. Upon remand, the ALJ may wish to consider the other issues raised by Plaintiff.

3

error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. (Joint Stip. at 45.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces

4

objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she cannot sit and/or stand for longer than 45 minutes to one hour due to pain in her lower back; she cannot lift more than 15 pounds; she has constant pain in her back, neck, knee, and hand; she has severe pain which requires her to stay in bed usually between one and four days per week. (AR at 89-94.)

The ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 36.) The ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations. The ALJ provided the following reasons for finding Plaintiff's testimony not fully credible:

> While the claimant seemed very sincere at the hearing, there is no objective evidence which would support the severity of the limitations alleged.
>
> In terms of the claimant's alleged disabling pain, it is notable that the claimant is not taking any prescription opiates or narcotics for her pain. (Citing AR at 185.) Office visit records also show that the claimant was last prescribed Vicodin for knee pain in July 2008. (Citing AR at 328.) After that time, the treatment records on a whole show that the claimant's symptoms appeared to be in control, as she infrequently visited her physician and reported that she was doing well. (Citing AR at 302.)

(AR at 36.)

The reasons put forth by the ALJ for discrediting Plaintiff's testimony are not supported by substantial evidence in the record. First, the ALJ's finding that there is no objective medical evidence

corroborating Plaintiff's subjective pain testimony is not, without more, a sufficient reason for discrediting Plaintiff. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that "lack of medical evidence cannot form the sole basis for discounting pain testimony"). Although "the medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects," once a claimant produces objective medical evidence of an underlying impairment, an ALJ "may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

The other reasons given by the ALJ for discrediting Plaintiff's subjective symptom testimony - she was not taking any prescription opiates or narcotics for her pain, she was last prescribed Vicodin in July of 2008, and she reported doing well - are undermined by the medical evidence which Plaintiff later submitted to the Appeals Council. After the administrative hearing, Plaintiff submitted medical records from Santa Barbara County Public Health and other medical providers (AR at 388-468) to the Appeals Council, which considered the records and "found that this information [did] not provide a basis for changing the Administrative Law Judge's decision." (AR at 1-6.)

The Ninth Circuit Court of Appeals recently held that a district court must consider evidence reviewed by the Appeals Council in determining whether the ALJ's decision was supported by substantial evidence and free from legal error. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the

district court must consider when reviewing the Commissioner's final decision for substantial evidence."). The *Brewes* Court also determined that a plaintiff is not required to demonstrate that these new medical records meet the materiality standard of 42 U.S.C. § 405(g)[3] because that standard applies only to new evidence that is not part of the administrative record and that is presented in the first instance to the district court. *Id.* at 1164. Rather, "evidence submitted to and considered by the Appeals Council is not new but rather part of the administrative record properly before the district court." *Id.*

Here, the evidence provided to the Appeals Council after the administrative hearing contradicts the ALJ's reasons for finding Plaintiff not fully credible. As noted by Plaintiff, the records show that, contrary to the ALJ's finding, Plaintiff was prescribed Vicodin for pain after July 2008. (*See* AR at 390, 403, 407, 410.) Plaintiff was also prescribed Flexeril (AR at 401, 409, 410) and Salsalate.[4] (AR at 409, 422.) As Plaintiff also notes, the ALJ's conclusion that Plaintiff was "doing well" since July 2008 is belied by the medical records submitted to the Appeals Council, which show Plaintiff consistently complaining of neck and back pain for which she had multi-level fusion surgery in November 2010.

---

[3] Section 405(g) provides in relevant part as follows: "The [district] court may ... at any time order additional evidence to be taken before the Commissioner, ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

[4] Flexeril is used to relax muscles and relieve pain and discomfort caused by strains and other muscle injuries. Salsalate is used to relieve pain, tenderness, swelling and stiffness caused by rheumatoid arthritis, osteoarthritis, and other conditions that cause swelling. http://www.nlm.nih.gov.

In support of the argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner points to other evidence in the record which allegedly discredits Plaintiff's statements. For example, the Commissioner argues that the ALJ noted at various points in the hearing decision that Plaintiff was injured at work in 2003 but continued to work until 2005; that she had relatively conservative treatment, primarily consisting of medication refills; that she did not go to physical therapy because she did not have a car; and that she missed various medical appointments. (Joint Stip. at 48-49, citing AR at 33-35.) However, even assuming that these would be sufficient reasons for the ALJ to reject Plaintiff's subjective complaints, the ALJ did not clearly and explicitly rely on these facts in support of her credibility determination. It would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Therefore, in light of the evidence before the ALJ and the additional evidence submitted to the Appeals Council, the Court cannot conclude that the ALJ's credibility determination is supported by substantial evidence, or that any error was harmless.

**IV.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such

proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

Here, the ALJ did not review and evaluate the medical evidence submitted by Plaintiff to the Appeals Council after the administrative hearing when assessing Plaintiff's credibility. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: September 18, 2012

                                         _____MARC L. GOLDMAN_____
                                         Marc L. Goldman
                                         United States Magistrate Judge